```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NICHOLLS AHMAD,[1]                              MEMORANDUM AND ORDER
                                                23-CV-07957 (RER) (CLP)
                Plaintiff,

        -against-

STATE OF NEW YORK CITY; POLICE
DEPARTMENT 69th PRECINCT,

                Defendants.
---------------------------------------------------------------x
```

RAMÓN E. REYES, JR., United States District Judge:

*Pro se* Plaintiff, who is currently detained at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in connection with an arrest in Kings County and subsequent criminal proceedings. By Order dated October 13, 2023, the United States District Court for the Southern District of New York transferred the action to the Court. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order.[2] For the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is, however, granted leave to file an

---

[1] Plaintiff's correct name is Ahmad J. Nicholls. (ECF No. 1 at pg 11.). *See also* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited Jan. 4, 2024). Accordingly, the Clerk of Court is directed to correct the caption to reflect Plaintiff's actual first and last name.

[2] The Court notes that Plaintiff submitted two IFP applications, both of which are incomplete because Plaintiff failed to provide information regarding any assets or expenses. (ECF Nos. 2, 9.) Nevertheless, as Plaintiff is incarcerated and subject to the Prison Litigation Reform Act ("PLRA"), which requires a prisoner to pay the full filing fee for an action, even if granted IFP, *see* 28 U.S.C.A. § 1915 (b)(1), the Court in deference to Plaintiff's *pro se* status will grant IFP.

amended complaint within thirty days of the date this Memorandum and Order is entered on the docket.

## Background

Plaintiff alleges that on or about November 11, 2020, he was wrongfully accused of attempted murder in the first degree of an off-duty police officer. (Dkt. No 1 at pg. 7.) Plaintiff further alleges that the off-duty officer shot him two times, causing him significant injury. Plaintiff claims that the attempted murder charge was dismissed. (*Id.*) In the complaint's caption, Plaintiff names the Defendants as the "State of New York City" and the "Police Department 69th Precinct." In the list of Defendants, Plaintiff names Detective Nicholas Gigante, Officer Angela Crenshaw, Officer Marisa Louis-Jean, and an unnamed detective, all alleged to be employed at the NYPD's 69th Precinct in Brooklyn. However, in the body of the complaint, Plaintiff fails to make any factual allegations against these Defendants. Plaintiff seeks monetary damages.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## Discussion

### I. Plaintiff's Claims Pursuant to 42 U.S.C. § 1983

Construed liberally, Plaintiff's claims arise under Section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." *See* 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

#### A. Plaintiff's Claims Against New York State

The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). This bar precludes suits for both money damages and injunctive relief. *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Moreover, sovereign immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

4

There are three limited exceptions to state sovereign immunity. First, a plaintiff may sue a state entity if the state waives its immunity by consenting to suit in federal court. *See Woods*, 466 F.3d at 236. Second, a plaintiff may sue a state if Congress enacts legislation specifically abrogating state sovereign immunity. *Id*. 466 F.3d at 236. Third, under the *Ex parte Young* doctrine, "a plaintiff may sue a state official acting in his official capacity ... for prospective injunctive relief from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *Saba v. Cuomo*, 535 F. Supp. 3d 282, 299 (S.D.N.Y. 2021). New York has not consented to § 1983 suits in federal court, and § 1983 was not intended to override a state's sovereign immunity. *Mamot v. Bd. of Regents,* 367 Fed. Appx. 191, 192 (2d Cir. 2010); *Jones v. Papa*, No. 21-CV-1099, 2021 WL 4123056, at *3 (E.D.N.Y. Sept. 8, 2021) ("It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity."). None of the exceptions noted apply to Plaintiff's action; thus, the Eleventh Amendment bars Plaintiff's claims against the State of New York. *See* 28 U.S.C. § 1915A.

### B. Plaintiff's Claims Against the 69th Police Precinct

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. This provision has been construed to mean New York City departments and agencies, such as the Police Department. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Adams v. City of New York*, No. 21-CV-3956, 2023 WL 2734611, at *7 (E.D.N.Y. Mar. 31, 2023) (police precinct is not a suable entity).

5

Accordingly, Plaintiff's claims against the 69th Police Precinct are dismissed. *See* 28 U.S.C. § 1915A.

### C. Plaintiff's Claims against the Police Officers

As previously noted, Plaintiff names Detective Nicholas Gigante, Officer Angela Crenshaw, Officer Marisa Louis-Jean, and an unnamed detective, all alleged to be employed at the NYPD's 69th Precinct in Brooklyn, in the list of Defendants. As Plaintiff fails to make any factual allegations against these Defendants, it is unclear to the Court whether Plaintiff intends to maintain an action against these Defendants. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Here, to the extent that Plaintiff intends to maintain a § 1983 action against the officers, he fails to plead any facts to show that the individual police officers had any personal involvement in the alleged violations asserted in his complaint. *See, e.g., Hall v. Suffolk Cnty.*, No. 23-CV-4606, 2023 WL 4747395, at *3 (E.D.N.Y. July 25, 2023) (dismissing claims against officers where there was no indication that the officers had any personal involvement in the purported constitutional deprivation); *Quintin v. County of Nassau*, No. 18-CV-5852, 2022 WL 888950, at *3 (E.D.N.Y. Mar. 25, 2022). Accordingly, any such claims would be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A.

### Leave to Amend

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Should Plaintiff elect to file an amended complaint, he must allege facts that support the elements of a Section 1983 claim and identify the Defendants who personally violated his constitutional rights while acting under color of state law. Plaintiff must identify the defendants in the caption and body of the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. An amended complaint does not simply add to the prior complaint. Once an amended complaint is filed, it completely replaces the complaint that was filed before it. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

### Conclusion

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A. Plaintiff is granted 30 days' leave from the date of this Order to amend his complaint to replead his § 1983 claims. All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, or show good cause for an extension of time, judgment shall be entered.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff with a prisoner's civil rights complaint form.

The Clerk of Court is respectfully requested to correct the caption to reflect Plaintiff's actual first and last name as Ahmad J. Nicholls.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.01.23 14:12:12 -05'00'

_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: January 23, 2024
       Brooklyn, New York